CASE 96—VENDOR'S LIEN—FEBRUARY 14, 1884.

# Carter County Court v. Butler.

### APPEAL FROM CARTER CIRCUIT COURT.

1. Appellee, who had sold to appellant a tract of land for the purposes, of a "poor house," and retained a lien in his deed of conveyance, did not waive his lien by obtaining judgment against the sheriff of Carter county and his sureties, the court having made a levy to meet appellee's demand.

2. His lien is not affected by the suit, nor the judgment, nor his failure to obtain a return of "no property found."

3. The county is in no better condition than any other vendee of land, and no question of diligence can arise as between appellee and the county.

J. D. JONES, R. D. DAVIS AND A. DUVALL FOR APPELLANT.

Appellant stands in the position of an assignor, and no excuse has been given for Pritchard's delay in issuing execution.

Counties have but one mode of paying their indebtedness, and that is by allowance to be paid out of the county levy. That allowance was accepted, and appellee's lien was lost by the acceptance. (Bard v. McElroy, 6 B. Mon., 419.)

C. B. WILHOIT FOR APPELLEE.

The sheriff of Carter county was simply the agent of the county court for the purpose of collecting the county levy and paying county creditors, and to say that the county could buy the Pritchard farm and accept a deed reserving a lien for purchase money, and then defeat the claim and lien by ordering the agent of the county to pay it, would be to permit a county court to do that which an individual could not do. Appellee's lien can not be destroyed in this way.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

In this case there is no evidence or pleading presenting a defense to the action. The attempt on the part of the appellee to prosecute his action against the sheriff and his sureties did not release the lien embraced in the deed, and there is no pretense that the money has been paid to the appellee. The proceeding instituted against the sheriff was really for the benefit of the county, as it was the duty of those in charge of the county finances to see that the debt

was paid.   This claim is unlike the ordinary allowances.
made to county creditors, where the latter can not look to
the sheriff and the sureties for payment when a levy has
been made to pay the debt.   Here a contract was made
with the county, by which the lien was retained, the vendor
of the land being unwilling to relinquish his lien until the
purchase money was paid.   The county is in no better con-
dition than any other vendee of the land could have been,
and no question of diligence can arise as between the
appellee and the county.   He might have dismissed his
action at any time against the sheriff and resorted to his
equitable action enforcing the lien, but instead of doing
this he prosecuted the action against the sheriff and a part
of the sureties until he recovered a judgment and had a re-
turn of *no property found*.   That he failed to issue an exe-
cution like an ordinary assignee of a note in an action after
judgment, did not affect his lien.   He acted for the best
interest of the county, and did nothing to release the sheriff
and his sureties from responsibility.

The court therefore acted properly in subjecting the land
to the lien of the appellant, and the judgment is affirmed.